# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0843V
### Filed: June 21, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                       *
THOMAS WINIESDORFFER,                  *
                                       *
                   Petitioner,         *        Ruling on Entitlement;
v.                                     *        Influenza ("Flu") Vaccination;
                                       *        Guillain-Barré Syndrome ("GBS");
SECRETARY OF HEALTH                    *        Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
                   Respondent.         *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On July 18, 2016, Thomas Winiesdorffer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") after receiving the influenza ("flu") vaccine on October 29, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 21, 2017, the parties informed the court they had reached a tentative settlement agreement and a 15-Week Order was issued. (ECF No. 25). On June 15, 2017, a status conference was held with the staff attorney managing this case. *See* Minute Entry, dated June 15, 2017. During the conference, respondent's counsel explained that respondent would not contest entitlement in this case and that he wished to file a Rule 4(c) report.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 19, 2017, respondent filed his Rule 4(c) report stating that he "does not contest entitlement in this matter." Respondent's Rule 4(c) Report at 1. Specifically, respondent states that "[i]t is [his] position that petitioner has satisfied criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation (QAI)." *Id.* at 3. While recognizing that the revised Table governs only petitions filed after the effective date of the final rule (March 21, 2017), respondent acknowledges that "the evidence show that petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table." *Id.* Because petitioner would be entitled to "a presumption of causation under the revised Table" if he simply re-filed his petition, respondent "will not contest entitlement to compensation." *Id.* (citation omitted).

**Based on the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master